UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GABRIEL MOSES BURKE,

        Plaintiff,

v.

EL DORADO RESTAURANT,

        Defendant.

**ORDER**
23-CV-02847 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff commenced this case on April 17, 2023, alleging that Defendant, a restaurant, violated the Americans with Disabilities Act by failing to make its entrance and restrooms accessible to people who, like Plaintiff, use a wheelchair. ECF No. 1. Pursuant to Rule 4(m), Plaintiff was required to serve Defendant with Plaintiff's complaint and a summons by July 17, 2023. Plaintiff purported to serve Defendant by delivering the summons and complaint to an unidentified "manager/managing agent" of Defendant's business on May 12, 2023. ECF No. 9. However, after Defendant failed to appear, the Clerk of Court denied Plaintiff's request for a certificate of default because Plaintiff's purported proof of service was insufficient. ECF Order dated June 29, 2023.

    In response, the Court issued an order explaining that a plaintiff cannot prove valid service through an affidavit that states in a conclusory manner, as Plaintiff's does, that an unidentified "manager" was authorized to accept service on behalf of a corporate defendant. ECF Order dated June 30, 2023 (citing *Lin v. Quality Woods, Inc.*, No. 17-cv-3043, 2019 WL 1450746, at *4–5 (E.D.N.Y. Jan. 28, 2019), *report and recommendation adopted in full*, No. 17-cv-3043 (E.D.N.Y. Mar. 31, 2019)). Such proof of service is inadequate to show valid service pursuant to either Rule 4(h), which allows a plaintiff to serve a corporation through "an officer,

managing or general agent, or other agent authorized under law," or N.Y. C.P.L.R. § 311, which similarly authorizes a plaintiff to serve a corporation through an "officer, director, managing or general agent, or cashier or assistant cashier or . . . any other agent authorized by appointment or by law." *Lin*, 2019 WL 1450746, at *4. The Court ordered Plaintiff to, on or before July 17, 2023, file either: (a) "proof of valid service . . . such as service on the New York Secretary of State," or (b) "a letter no longer than three pages showing good cause why Plaintiff's complaint should not be dismissed without prejudice for failure timely to serve Defendant." ECF Order dated June 30, 2023. Nearly three months have passed since that deadline, and Plaintiff has filed no submission of any kind.

Under these circumstances, dismissing Plaintiff's complaint is proper. Rule 4(m) requires that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Plaintiff's silence, the absence of proof of service on the docket, and [D]efendant's non-appearance in this action all indicate that [P]laintiff has not served [D]efendant." *Brookliv LLC v. Meehan*, No. 21-cv-7178, 2022 WL 1488664, at *1 (E.D.N.Y. May 11, 2022) (dismissing complaint for lack of timely service). Since this case has been pending for nearly six months and Plaintiff has ignored an unambiguous order from the Court asking him to justify his failure to serve Defendant, the Court concludes that good cause does not exist to allow Plaintiff even more time to serve his complaint and a summons. *See id.* at *1–2. The Court also declines to exercise its discretion to grant an extension in the absence of good cause. *See id.* at *2.

## **CONCLUSION**

For the reasons set forth above, the Court dismisses Plaintiff's complaint without prejudice for failure to serve Defendant within the time allowed by Rule 4(m). The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 14, 2023